UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: MADERE & SONS TOWING, LLC * | | CIVIL ACTION |
| * | | |
| * | | NO.   22-4535 c/w |
| * | | 23-1073 |
| * | | 23-1074 |
| * | | |
| * | | SECTION: "G" |

**CLAIMANT JEFF HARRINGTON'S MOTION TO BIFURCATE**

Claimant Jeff Harrington files this memorandum in support of his motion for the Court to enter an order of bifurcation in this limitation of liability case.

**I.**

**BACKGROUND**

Mr. Harrington was injured on August 22, 2022 while riding on a fishing charter owned and/or operated by Jack'd Up Charters, LLC. While the boat was navigating Defendant Madere had two tugboats pulling a piece of pipe through the water between them. Defendant Weeks was supposed to be providing watch for the towing of the pipe which was not visible above the water. Mr. Harrington's boat, unaware of the danger, ran into the pipe while navigating between the two boats. Mr. Harrington suffered severe injuries to his head, hip, leg, back, neck, and other parts of his body as a result of the vessel he was riding on striking the pipe. Mr. Harrington timely filed claims in all three limitations, which were consolidated in to this proceeding, and in which, he expressly pled his savings to suitors rights and sought a jury trial in state court.[1]

---

[1] Rec. Doc. 016, Mr. Harrington's answer, affirmative defenses, and claims, pp. 7-8, fifteenth defense; *id*. at p. 8, sixteenth defense; *id*. at p. 9, twenty-second defense; *id*. at p. 14, ¶ 16.

Mr. Harrington now asks the Court to protect those rights and bifurcate this case so that, if Jack'D Up Charters, Weeks Marine, Inc. and Madere & Sons' attempt to limit its liability is denied, Mr. Harrington may try his damages to a state court jury. For the reasons that follow, this motion should be granted.

## II.

### LAW AND ARGUMENT

Vessel owners who face liability from an incident at sea may file a claim pursuant to the Limitation of Liability Act.[2] The vessel owner's goal is to limit its liability to the value of the vessel involved in the incident.[3] But a vessel owner is not entitled to limit its liability when the negligent act occurs within the "privity or knowledge"[4] of the vessel owner.[5] Consequently, the core issues in any Limitation case are: (1) whether the vessel owner was negligent; and (2) whether that negligence occurred within the vessel owner's "privity or knowledge."

Federal courts have exclusive jurisdiction over a limitation case.[6] But, as this Court long ago recognized, a vessel owner's right to seek a limitation of its liability in a federal bench trial is in direct conflict with a claimant's savings to suitors' rights to sue vessel owner in state court before a jury.[7] To ease this tension, federal courts have developed a rule "under which exclusive

---

[2]  46 U.S.C. § 30501 *et seq*.

[3]  46 U.S.C. § 30505(a).

[4]  "Privity or knowledge" exists when the vessel owner knew or should have known about the "conditions or actions likely to cause the loss." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

[5]  46 U.S.C. § 30505(b).

[6]  46 U.S.C. § 30511(a).

[7]  *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. 1997) (Vance, J.) ("This statutory right of a vessel owner to seek a limitation of liability in federal court directly conflicts with the right of a complainant to seek a common law remedy in state court, pursuant to the 'saving to suitors' clause of 28 U.S.C. § 1331(1); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S.

admiralty jurisdiction must also give way: once limitation is denied *it is up to the claimants rather than the court whether the [federal] proceedings will continue or whether the injunction will be dissolved to permit the resumption of other [state court] actions.*"[8]

Consequently, "the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues [i.e. "privity or knowledge"] and then allow claimants to return to state court if they so desire."[9] Since at least 1997, this very Court has followed that approach because, as it has recognized, the approach "makes perfect sense."[10] And that is undoubtedly correct. *"Where no limitation is possible, the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause.*"[11] Other federal district courts have agreed and have similarly bifurcated limitation of liability actions.[12]

---

438, 448 (2001) (explaining the "tension [that] exists between the savings to suitors clause and the Limitation Act.").

[8] *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (citations and quotations omitted) (emphasis added); *Odfjell Chemical Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 795 (S.D. Tex. 2020) (same) (quoting *In re Mississippi Limestone Corp.*); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3 (E.D. Tex. 2020) ("bifurcation is the preferred procedure in the Fifth Circuit.").

[9] *Id*. at *3 (quoting *In re Athena Constr., LLC*, 2007 WL 1668753 at *6 (W.D. La. 2007)).

[10] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. June 26, 1997) (Vance, J.) ("Bifurcation as suggested by the Windhams makes perfect sense here."); *see also Rubenstein v. Bryant*, 522 F.2d 1351, 1352 (5th Cir. 1975) ("A bifurcated damage action, in which a state court decides the merits of the tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts.").

[11] *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969) (emphasis added); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) ("Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora.") (string cite omitted).

[12] *In re Bergeron Marine Serv., Inc.*, 1994 WL 236374 at *1-2 (E.D. La May 24, 1994); *In re TT Boat Corp.*, 1999 WL 102786 at *1 (E.D. La Feb. 23, 1999); *In Matter of Torch, Inc.*, 1996 WL 512303 at *1 (E.D. La. Sept. 6, 1996).

Notably, in 2020, the Eastern District of Louisiana confronted this exact scenario once again. And it ruled just the same. In *Archer Daniels Midland CO. v. M/T American Liberty*,[13] a tanker crashed into several vessels and injured multiple crewmembers. The tanker interests filed a limitation of liability case in the Eastern District of Louisiana. The injured workers filed claims and sought bifurcation. This Court *granted* their request. As this Court recognized, the claimants' request was "consistent with the approach taken by other courts."[14] Bifurcation, the Eastern District of Louisiana noted, "has proved to be an effective tool to help ease the conflict and accommodate the presumption in favor of jury trials . . . embodied in the 'savings to suitors' clause."[15] In granting bifurcation, the Eastern District of Louisiana explained that the procedure would allow the court to "protect the vessel owners' limitation rights by trying limitation first" and at the same time, allow the claimants "to seek damages in state court" if limitation was denied.[16] Thus, the Eastern District of Louisiana declared that issues of liability, limitation, and the apportionment of fault would be tried in phase one of the trial. And damages would be reserved a second phase.[17]

The Eastern District of Louisiana's holding in *Archer Daniels* has proven to be a significant one. As one federal court has noted, the opinion provides a "compelling analysis" of the benefits of bifurcation.[18] And in the less than two years since, the Eastern District of Louisiana issued its opinion in *Archer Daniels*, multiple courts have cited and followed it to grant bifurcation of similar

---

[13]   2020 WL 1889123 (E.D. La. 2020) (Vance, J.).

[14]   *Id*. at *3

[15]   *Id*. at *3 (internal citations and quotations omitted).

[16]   *Id*. at *4.

[17]   *Id*. ("For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Damages will be tried separately.").

[18]   *In re Intracoastal Tug and Barge Company, LLC*, 2021 WL 5104533 at *2 (S.D. Tex. 2021)

claims. Respected jurist Judge deGravelles in the Middle District of Louisiana has done so,[19] as have multiple federal judges in Texas.[20]

This Court should follow this "preferred" approach and bifurcate this case as well. Doing so will promote judicial economy and efficiency under Federal Rule of Civil Procedure 42(b). And it will afford Mr. Harrington the opportunity to have his damages claims tried before a jury in the forum of his choosing in the event of a favorable ruling on limitation.

The bifurcation order sought here is the same one this Court entered in *Archer Daniels*. In this bifurcated action, the Court would first decide whether Jack'D Up Charters, Weeks Marine, Inc. and Madere & Sons were negligent. And, if they were, the Court would decide whether they were entitled to limit its liability (*i.e.*, whether privity or knowledge exists.) The Court would also determine an allocation of fault for the incident. After making these determinations, if Jack'D Up Charters, Weeks Marine, Inc. and Madere & Sons are denied a limitation of their liability, Mr. Harrington would be allowed to proceed in state court. This approach will preserve Mr. Harrington's right to a jury trial, preserve the defendants' right to a federal bench trial, balance the competing interests of the Saving to Suitors clause and the Limitation of Liability Act, and

---

[19] *Matter of Chester J. Marine*, 2021 WL 2661949 at *6–7 (M.D. La. 2021) (deGravelles, J.) (following and citing *Archer Daniels* to order bifurcation).

[20] *In re Intracoastal Tug and Barge Company, LLC*¸ 2021 WL 5104533 at *3 (S.D. Tex. 2021) ("Here, like *Archer Daniels*, allowing bifurcation would allow the liability of the parties to be determined before a jury trial on damages occurs. The elimination of a need for a jury trial serves to expedite and economize the judicial process. Should there be no liability found, Rutledge would be left with the choice of whether to pursue his claim before a jury in state court. This choice could eliminate the need for a jury trial and, at the same time, preserve Rutledge's right to a jury trial, albeit one in state court. Because Rutledge's motion for bifurcation will further the interests of economy and convenience, it should be granted."); *In re Orion Marine Construction, Inc. v. All Potential Claimants*, 2021 WL 2779115 at *3-4 (S.D. Tex. 2021) (following and citing *Archer Daniels* to order bifurcation); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3-5 (E.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation); *Odfjell Chemical Tankers AS v. Herrara*, 471 F. Supp. 3d 790, 795-796 (S.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation).

significantly shorten the trial in this Court.  Consequently, the Court should grant this motion and order bifurcation in this case.

### III.

#### CONCLUSION

Mr. Harrington respectfully requests the Court to grant his motion to bifurcate and to enter an order bifurcating the limitation and non-limitation issues in this case.

                    Respectfully Submitted,

                    **ARNOLD & ITKIN LLP**

                    */s/ Trent Shelton*
                    Noah M. Wexler, Roll #34995
                    nwexler@arnolditkin.com
                    Trent Shelton, Roll #39675
                    tshelton@arnolditkin.com
                    6009 Memorial Drive
                    Houston, TX  77007
                    Tel: 713.222.3800
                    Fax: 713.222.3850
                    e-service@arnolditkin.com

                    **ATTORNEYS FOR CLAIMANT**
                    **JEFF HARRINGTON**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record on this 9th day of June 2023.

                    */s/ Trent Shelton*
                    Trent Shelton

### CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Defendant and this motion is opposed.

                    */s/ Trent Shelton*
                    Trent Shelton