UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF JACK'D UP CHARTERS LLC | CIVIL ACTION |
| | NO.  22-4535<br>c/w 23-1073<br>       23-1074 |
| | SECTION: "G" |

## ORDER AND REASONS

These consolidated limitation of liability actions arise from an accident that allegedly occurred aboard a fishing vessel that collided with a pipe being pulled by two other vessels on a waterway.[1] Pending before the Court is Claimant Jeff Harrington's ("Harrington") "Motion to Bifurcate Limitation Proceedings."[2] Limitation Petitioners Jack'd Up Charters ("Jack'd Up Charters"), Madere & Sons Towing, LLC ("Madere"), and Weeks Marine, Inc. ("Weeks") (collectively, "Limitation Petitioners") oppose the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 1-2 at 3; Rec. Doc. 28 at 2–3.

[2] Rec. Doc. 26.

[3] Rec. Doc. 28.

1

## I. Background

### A.   *Factual Background*

Harrington alleges that he suffered injuries to his head, hip, leg, back, neck, and other parts of his body on August 22, 2022, when the vessel he was riding on collided with a pipe in the waterway.[4] Jack'd Up Charters is the owner of the unnamed fishing vessel Harrington rode on.[5] Madere owns and operates the tug M/V KENNETH M.[6] Weeks owns and operates the tug M/V MASTER MYLES.[7] Harrington alleges that the pipe was pulled by Madere's tug and watched by Weeks.[8] Harrington avers that Madere and Weeks's negligence was the cause of his personal injuries.[9]

### B.   *Procedural Background*

On October 7, 2022, Harrington filed a petition in the 19th Judicial District for the Parish of East Baton Rouge.[10] Harrington named Madere and Weeks as Defendants.[11] Thereafter, Limitation Petitioners each filed separate limitation actions in federal court.

---

[4] Rec. Doc. 1-2 at 3.

[5] Rec. Doc. 1 at 1.

[6] Rec. Doc. 28 at 2.

[7] *Id.*

[8] Rec. Doc. 1-2 at 3.

[9] *Id.* at 3–4.

[10] Rec. Doc. 1-2.

[11] *Id.*

Jack'd Up Charters filed the first Limitation Action on November 16, 2022 in this Court.[12] On December 1, 2022, Madere asserted claims for contribution and indemnity in Jack'd Up Charters' Limitation Action,[13] and Weeks asserted the same on December 13, 2022.[14] On January 12, 2023, Harrington filed his claim in Jack'd Up Charters' Limitation Action.[15]

Madere filed the second Limitation Action on January 20, 2023, in the Middle District of Louisiana.[16] Jack'd Up Charters then filed claims for contribution and indemnity on February 27, 2023,[17] and Weeks did the same on March 17, 2023.[18] Harrington then filed a claim against this second limitation action on March 15, 2023.[19]

Weeks filed the third Limitation Action on February 16, 2023 in the Middle District of Louisiana.[20] Jack'd Up Charters was added as an interested party on February 28, 2023,[21] and it sought transfer of Weeks and Madere's Limitation Actions to this Court to be consolidated with the Limitation Action it filed on November 16, 2022.[22] A judge in the Middle District of Louisiana

---

[12] Rec. Doc. 1.

[13] Rec. Doc. 9 at 7.

[14] Rec. Doc. 10 at 10–11.

[15] Rec. Doc. 11.

[16] Case No. 22-1073, Rec. Doc. 1.

[17] Case No. 22-1073, Rec. Doc. 10 at 6–7.

[18] Case No. 22-1073, Rec. Doc. 20 at 10–11.

[19] Case No. 22-1073, Rec. Doc. 16.

[20] Case No. 23-1074, Rec. Doc. 1.

[21] Case No. 23-1074, Rec. Doc. 12.

[22] Case No. 23-1074; Rec. Doc. 20 at 12.

granted the motion ordered transfer to this Court on March 24, 2023.[23] On May 5, 2023, the Court ordered all three Limitation Actions to be consolidated into the above captioned case.[24]

The trial in this case is currently scheduled to commence on October 30, 2023, before this Court without a jury.[25] On June 9, 2023, Harrington filed the instant motion seeking to bifurcate the trial.[26] On June 20, 2023, Weeks, Madere, and Jack'd Up Charters opposed the motion.[27]

## II. Parties' Arguments

### A. *Harrington's Arguments in Support of the Motion*

Harrington moves the Court to bifurcate these Limitation Actions such that phase one of the case will be tried by this Court on the issues of liability, limitation, and apportionment of fault.[28] Harrington proposes that phase two of the case will be tried in state court on the issue of damages if he prevails in the first phase and defeats Limitation Petitioners' limitation of liability.[29] Harrington asserts that this approach will protect his savings to suitor's right to sue the vessel owners in state court before a jury.[30] Citing several district court cases within the Fifth Circuit, Harrington further argues that the "preferred approach" of these courts is to bifurcate the limitation

---

[23] *Id.*

[24] Rec. Doc. 23.

[25] Rec. Doc. 18.

[26] Rec. Doc. 26.

[27] Rec. Doc. 28.

[28] Rec. Doc. 26 at 1.

[29] *Id.*

[30] Rec. Doc. 26-1 at 2.

4

claims and the damages claims.[31] Harrington then cites to *Archer Daniels Midland Co. v. M/T American Liberty* as an analogous case where passengers injured in a crash between vessels sought bifurcation of the limitation claims and the damages claims and a judge in this district granted bifurcation.[32] Harrington concludes that bifurcation will "promote judicial economy and efficiency under Federal Rule of Civil Procedure 42(b)."[33]

### B.  *Limitation Petitioners' Opposition to the Motion*

Weeks, Madere, and Jack'd Up Charters jointly oppose the motion.[34] First, Limitation Petitioners argue that bifurcation of the case would be contrary to the goals of the Limitation of Liability Act in permitting vessel owners to file limitation actions as "an efficient and economic means to join all potential claimants in a proceeding to avoid separate trials on dual tracks and to limit discovery costs."[35] Limitation Petitioners also note that federal courts have the "discretion to adjudicate the 'whole case' and grant full relief in the interest of judicial efficiency."[36] Second, Limitation Petitioners argue that, procedurally, the case cannot be bifurcated to allow Harrington to pursue claims in state court because the stay of state court proceedings cannot be lifted unless the parties stipulate that the value of the limitation funds exceeds the value of the claims asserted.[37]

---

[31] *Id.* at 3.

[32] *Id.* at 4; No. 19-10525, 2020 WL 1889123 (E.D. La. Apr. 26, 2020) (Vance, J.).

[33] Rec. Doc. 26-1 at 5.

[34] Rec. Doc. 28.

[35] *Id.* at 5.

[36] *Id.* at 6 (citing to *In re Waterman S.S. Corp.*, No. 91-1491, 1992 U.S. Dist. LEXIS 2432 at * 13 (E.D. La. Feb. 27, 1993) (Sear, J.) (internal citations and quotations omitted)).

[37] *Id.* at 7.

Third, Limitation Petitioners aver that, in the Fifth Circuit, separating issues during trial "is not the usual course that should be followed" and is the exception rather than the rule.[38]

Fourth, the Limitation Petitioners argue that bifurcation of this case would be "inconvenient, prejudicial, and uneconomical" under Rule 42(b).[39] They reason that "[b]ifurcation would turn just one trial into at least three" because Jack'd Up Charters is not a named defendant in the state court proceedings, so adding Jack'd Up Charters would require Weeks and Madere to "assert *entirely new suits* for indemnity and contribution against Jack'd Up Charters."[40] In addition, they reason that there would be duplication between the federal and state court trials because they "would need to present evidence as to damages and fault when presenting their cases on limitation and negligence."[41] Limitation Petitioners also assert that because this case involves "multiple limitation petitioners, multiple inadequate funds, multiple personal injury claims, and issues of contribution and indemnity [bifurcation] would result in a multiplication of proceedings, inconvenience, and impede judicial [efficiency]."[42] They then reason that "any evidence presented to establish the fault and liability of Limitation Petitioners will inevitably overlap and intertwine with the same evidence and testimony related to damages amongst the many claimants to this lawsuit."[43]

---

[38] *Id.* at 9 (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir.1976)).

[39] *Id.*

[40] *Id.*

[41] *Id.* at 10.

[42] *Id.* at 10–11.

[43] *Id.* at 11.

Limitation Petitioners also distinguish *Archer Daniels Midland Company Co. v. M/T American Liberty* from the litigation here. They reason that the *American Liberty* court bifurcated the case because the "calculation of damages was not possible in time for the trial set in 2021" but that it is not the situation in this litigation.[44]

Finally, Limitation Petitioners argue that "[t]he savings to suitors clause does no more than preserve the right of maritime suitors to preserve nonmaritime remedies. It does not guarantee them a nonfederal forum."[45] Thus, they argue that the savings to suitors clause preserves a maritime plaintiff's right to a jury trial and Limitation Petitioners accordingly agree to have a jury contemporaneously preside over the first phase of the limitation trial to decide non-limitation issues.[46]

### III. Legal Standard

#### A. *Federal Rule of Civil Procedure 42(b)*

Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. In the Fifth Circuit, the decision to bifurcate a trial lies within the "sole discretion of the trial court."[47] When ordering a separate trial of issues pursuant to Rule 42(b), a court must ensure that bifurcation would not "result in unnecessary delay, additional expense, or some other

---

[44] *Id.* at 12.

[45] *Id.* (citing to *Tenn. Gas Pipeline v. Hous. Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996) (emphasis in original) (internal citations and quotations omitted)).

[46] *Id.* at 12–13.

[47] *See First Texas Sav. Assoc. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174, n.2 (5th Cir. 1992) (citing *Gonzalez-Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1992)); *Interstate Restoration Grp., Inc. v. Al Copeland Investments*, No. 07-0970, 2009 WL 1870787, at *2 (E.D. La. June 25, 2009) (Duval, J.).

form of prejudice."[48] Courts in the Eastern District of Louisiana have held that prejudice is the "most important consideration in deciding whether to order separate trials under Rule 42(b)."[49]

### B. *Limitation of Liability Act*

The Limitation of Liability Act allows vessel owners, who lack "privity or knowledge," to seek to limit their liability for "claims, debts, and liabilities" that arise from a maritime accident to "the value of the vessel and pending fright."[50] In a limitation proceeding, the district court, "sitting without a jury, determines the liability of the shipowner and distributes the limitation fund among the claimants in a proceeding called concursus."[51] In such a concursus proceeding, all claimants must file their claims in a single consolidated case in federal court.[52]

If the vessel owner fails to prove that that it lacked privity or knowledge and limitation is denied, the federal court has the discretion to either: (1) send the case back to state court for a determination of the remaining issues or (2) adjudicate the "whole case and grant full relief even though limitation is denied."[53] As the Fifth Circuit has explained:

> This is a protection to those compelled under the monition and restraining orders to litigate in an unchosen forum. The claimants are the ones to determine whether such full relief from the admiralty is desired or needed. If they do not desire it, the admiralty court in its decree denying the right to limitation can make certain that

---

[48] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (Feldman, J.); *Interstate Restoration Grp., Inc.*, 2009 WL 1870787, at *2.

[49] *Laitram Corp.*, 791 F. Supp. at 115; *Derouen v. Hercules Liftboat Co.*, No. 13-4805, 2015 WL 349311, at *5 (E.D. La. Jan. 26, 2015) (Fallon, J.).

[50] 46 U.S.C. § 30505(a)-(b); *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (citing *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)).

[51] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

[52] *Karim v. Finch Shipping Co.*, 265 F.3d 258, 264 (5th Cir. 2001).

[53] *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960).

8

they are free to pursue the petitioner in any other forum having requisite jurisdiction.[54]

### IV. Analysis

Harrington argues that bifurcation of the liability and damages phases of trial is warranted because: (1) the savings to suitors clause accords him the right to a jury trial in state court; (2) bifurcation is the preferred approach of district courts within the Fifth Circuit; and (3) judicial economy and efficiency will be preserved with bifurcation.[55] Limitation Petitioners, by contrast, argue that bifurcation is not warranted because: (1) the Fifth Circuit has deemed that bifurcation is the exception rather than the rule; (2) bifurcation in this litigation will duplicate trials where limitation and damages evidence will overlap; and (3) the savings to suitors clause does not guarantee marine plaintiffs a nonfederal forum. Limitation Petitioners propose that a jury trial on the non-limitation claims simultaneously occur in order to ease this tension between exclusive federal jurisdiction of limitation claims and other common law claims that Harrington can pursue.[56]

Many courts have recognized the conflict that arises where claimants invoke the "savings to suitors" clause to demand a jury trial of non-limitation claims where the federal court conducts a bench trial of the limitation action.[57] Legal commentators have also recognized that "[l]imitation

---

[54] *Id.*

[55] Rec. Doc. 26-1.

[56] Rec. Doc. 28 at 12–13.

[57] *See e.g. Lewis*, 531 U.S. at 448 ("Some tension exists between the saving to suitors clause and the Limitation Act."); *In re Mississippi Limestone Corp.*, No. 09-36, 2010 WL 4174631 (N.D. Miss. Oct. 7, 2010) (Aycock, J.) ("Some tension exists between the Limitation Act and the saving to suitors clause[.] ... Specifically, the requirement of the Limitation Act that the federal district court adjudicate (for multiple claimants) both the question of liability and whether limitation is appropriate—referred to as the concursus requirement—deprives claimants of their right to pursue their actions in state court, and importantly, deprives them of the right to a jury trial"); *Matter of*

actions and personal injury or wrongful death actions may be tried simultaneously [in federal court]."[58] The Fifth Circuit has held that while the admiralty court has power to "adjudicate the whole case and grant full relief even though limitation is denied," it is the claimant who decides whether to remain in federal court or try remaining issues in the forum of their choice.[59]

For the reasons discussed in more detail below, the Court finds that bifurcation of the limitation and damages phases of these consolidated cases is proper. Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, this Court may bifurcate a trial for "convenience, to avoid prejudice, or to expedite and economize" the proceeding.

The Court finds that Harrington will suffer prejudice if he is not allowed to try his damages claims before a jury in the forum of his choice, if the Court denies limitation of liability to Limitation Petitioners.[60] Courts have recognized that bifurcation in this manner can ease the tension between the federal court's exclusive jurisdiction over limitation claims and the claimants' right to the forum of his choice under the savings to suitors clause.[61]

---

*Cooper/T. Smith Stevedoring Co., Inc.*, 735 F.Supp. 689 (E.D. La.1990) (Sear, J.) ("This motion presents the recurring conflict between the exclusive federal jurisdiction vested by the Limitation of Liability Act ... and the presumption in favor of jury trials and common law remedies embodied in the saving to suitors clause").

[58] 14 ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3672 (4th ed. 2021).

[59] *Pershing Auto Rentals,* 279 F.2d at 552. *See also Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993) ("But the Supreme Court explained in *Lake Tankers* that liability may and should be limited consistent with preserving the claimants' right to proceed in the fora of their choice.").

[60] *See Pershing Auto Rentals*, 279 F.2d at 552.

[61] *In re Mississippi Limestone Corp.*, 2010 WL 4174631, at *3 ("[b]ifurcation has proved to be an effective tool to help ease the conflict between the apparent exclusive jurisdiction vested in this admiralty court by the Limitation Act and the presumption in favor of jury trials and common law remedies embodied in the 'savings to suitors' clause of 28 U.S.C. § 1333.") (citing *to In re Bergeron Marine Serv., Inc.*, No. 93-1845, 1994 WL 236374, at *1 (E.D. La. May 24, 1994) (Schwartz, J.)).

Limitation Petitioners argue that allowing Harrington to return to state court is procedurally improper because the stay of state court proceedings cannot be lifted unless the parties stipulate that the value of the limitation funds exceeds the value of the claims asserted. This argument is unavailing. Harrington does not seek to proceed in state court simultaneously with the limitation proceeding and he does not seek to strip the Court of jurisdiction to decide the limitation claims.[62] Because Harrington's state court case is stayed until this Court decides the limitation claims, there is no risk that Harrington can seek a damage award exceeding the limitation fund in the meantime.[63] Thus, the Court can shield vessel owners from prejudice by deciding the limitation claims first before allowing Harrington to pursue damages in state court only if limitation is denied.

Limitation Petitioners rely on this Court's decision in *In re Marquette Transportation* to argue that a jury should be simultaneously empaneled in federal court to decide the non-limitation issues. However, *Marquette* is easily distinguishable from the facts of this case. There, the claimant requested that a jury be empaneled in federal court to decide the non-limitation claims.[64] Here, Harrington requests that the case be bifurcated so that if limitation is denied he can return to state court to seek damages. Fifth Circuit caselaw makes clear that while the admiralty court has power to "adjudicate the whole case and grant full relief even though limitation is denied," it is the

---

[62] *See American Liberty*, 2020 WL 1889123, at *4.

[63] *See id.*

[64] *See In re the Matter of Marquette Transp. Co. Gulf-Inland, LLC*, No. 13-6351, 2014 WL 6389978, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.) (Claimant sought bifurcation of the limitation claims and his Jones Act and General Maritime Claims in federal court).

claimant who decides whether to remain in federal court or try remaining issues in the forum of their choice.[65]

The Court also finds that separating the issues of liability and damages would expedite and economize the limitation proceeding. In a limitation proceeding, the Court first determines whether the claimant's loss was caused by the negligence of vessel owner or the unseaworthiness of the vessel.[66] The Court then determines whether the shipowner had privity or knowledge of relevant acts of negligence or unseaworthiness.[67] The parties and the Court would only need to expend resources on the limitation phase of trial rather than also expending resources on the damages phase, which may be unnecessary if the Court limits liability for the Limitation Petitioners.

In their opposition to bifurcation of limitation and non-limitation issues, Limitation Petitioners assert that "Harrington has not provided clear argument or support as to how bifurcation herein would promote judicial economy or would not result in unnecessary delay or additional expense."[68] While Harrington has not articulated how bifurcation would promote judicial economy or would not result in unnecessary delay or additional expense, courts have recognized that prejudice is the "most important consideration in deciding whether to order separate trials under Rule 42(b)."[69] Judges in district courts across the Fifth Circuit have recognized that a claimant's right to a jury trial trumps judicial economy concerns and granted motions to bifurcate

---

[65] *Pershing Auto Rentals,* 279 F.2d at 552. *See also Odeco Oil and Gas Co.*, 4 F.3d at 404.

[66] *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976).

[67] *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993).

[68] Rec. Doc. 28 at 10.

[69] *Laitram Corp.*, 791 F. Supp. at 115; *Derouen,* 2015 WL 349311, at *5.

on that basis.[70] Here, denying Harrington's right to return to the forum of his choice, if the Court denies limitation of liability for Limitation Petitioners, would be prejudicial to Harrington.

Accordingly,

**IT IS HEREBY ORDERED** that Harrington's "Motion to Bifurcate Limitation Proceedings"[71] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  6th   day of July, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[70] *Odjfell Chemical Tankers AS v. Herrera*, 417 F. Supp. 3d 790, 796 (S.D. Tex. 2020) (Edison, M.J.) ("If claimants have a substantive right to pursue their cause of action under the savings to suitors clause [in state court], it can hardly be abrogated by concerns of judicial efficiency") (internal quotations and citations omitted). *See also Matter of Savage Inland, Marine, LLC*, No. 1:19-CV-00536, 2020 WL 10355875, at *5 (E.D. Tex. Dec. 16, 2020) (Truncale, J.) ("Although [empaneling a federal jury at the outset of trial] would arguably be more efficient, it does not adequately preserve the statutory rights at issue.").

[71] Rec. Doc. 26.