## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**IN THE MATTER OF JACK'D UP CHARTERS LLC**

**CIVIL ACTION**

**NO. 22-4535**
**c/w 23-1073**
**23-1074**

**SECTION: "G"(1)**

### ORDER AND REASONS

Before the Court is Weeks Marine, Inc.'s ("Weeks Marine") Motion *in Limine* to Exclude the Statement of Larry Frank ("Frank").[1] Jack'd Up Charters, LLC ("Jack'd Up") asks the Court to admit Frank's recorded statement taken by an investigator of Claimant Jeff Harrington ("Harrington") at Frank's home.[2] No other parties were present when the statement was made and no parties were offered the opportunity for cross-examination. Further, Frank was a former employee of Weeks Marine when the statement was recorded. For these reasons and others set forth in detail below, including a lack of demonstrated circumstantial trustworthiness and probative value of the statement when compared to other evidence to be presented at trial, the Court finds that Frank's recorded statement should be excluded. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants Weeks Marine's motion.

---

[1] Rec. Doc. 91.

[2] *See* Rec. Doc. 97.

# I. Background

### A.    *Procedural Background*

Harrington claims he suffered personal injuries when the vessel he was riding on collided with a pipe in the waterway on August 22, 2022.[3] Harrington alleges that "[a]t the time of the incident, the pipe was not visible, and Plaintiff's vessel was unaware of a pipe being between… two tugboats."[4] Jack'd Up is the owner of the unnamed fishing vessel Harrington rode on.[5] Weeks Marine owns and operates the tug M/V KENNETH M.[6] Madere & Sons Towing, LLC ("Madere") owns and operates the tug M/V MASTER MYLES.[7] Harrington asserts that the pipe was pulled by Madere's tug and watched by Weeks Marine.[8] Harrington avers that Madere and Weeks Marine's negligence was the cause of his personal injuries.[9]

On October 7, 2022, Harrington filed a petition in the 19th Judicial District for the Parish of East Baton Rouge.[10] Harrington named Madere and Weeks Marine as Defendants and asserted negligence claims against them, but he did not name Jack'd Up as a Defendant.[11] Thereafter, Jack'd Up, Madere, and Weeks Marine each filed separate limitation actions in federal court.

---

[3] Rec. Doc. 1-2 at 3.

[4] *Id.*

[5] Rec. Doc. 1 at 1.

[6] Rec. Doc. 28 at 2.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 1 at 1.

[10] *Id.* at 1.

[11] *Id.*

2

Now, before the Court is Weeks Marine's Motion *In Limine* to Exclude the Statement of Frank at trial filed on July 25, 2024.[12] Jack'd Up filed an Opposition on July 26, 2024.[13] Weeks Marine filed a reply brief on July 29, 2024.[14]

## B.      *Factual Background*

Frank was employed by Weeks Marine and was serving as deckhand and lookout aboard the M/V KENNETH M at the time of incident.[15] When the accident at issue occurred, Frank was positioned on the bow of the boat looking forward sitting on top of the fuel tank lookout.[16] Frank gave a written statement shortly after the incident, but the statement was silent as to whether the pipe was visible in the water at the time of the accident.[17]

An investigator employed by Harrington obtained a recorded statement from Frank with his permission on July 20, 2023.[18] In that statement, Frank discusses his involvement with the tow and states that some vessels approached the pipe when it was not visible and underwater.[19] After this recorded statement, counsel for Harrington had Frank served with a deposition subpoena in the Greater Houston, Texas area, where Frank was residing, but Frank failed to appear at the deposition.[20] Subsequently, counsel for Jack'd Up filed a Motion for Contempt and

---

[12] Rec. Doc. 91.

[13] Rec. Doc. 97. Harrington also adopted these arguments. *See* Rec. Doc. 110.

[14] Rec. Doc. 106.

[15] Rec. Doc. 97-1 at 161–62.

[16] *Id*. at 162.

[17] Rec. Doc. 97-2.

[18] Rec. Doc 97-5.

[19] *See id.*

[20] Rec. Doc 97-6.

Motion to Enforce Deposition Subpoena in the U.S. District Court for the Southern District of Texas.[21] Frank failed to appear and the Court issued a bench warrant for Frank.[22] To this date, Frank has failed to appear and deposition testimony from Frank has not been secured.[23] Jack'd Up's counsel provided all parties with written notice of their intent to offer the recorded statement at trial.[24]

## II. Parties' Arguments

### A.   *Weeks Marine's Arguments in Support of the Motion to Exclude the Recorded Statement of Frank*

Weeks Marine argues, under Federal Rules of Evidence 801(c)(1) and (2), hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." In this case, Weeks Marine submits that Frank's recorded statement, which is a statement not made at trial or a hearing, contains allegations as to the cause of the accident.[25] Thus, the statements are offered for the truth of the matter asserted and, for them to be admissible, they must fall under an exception to the hearsay rule.[26]

Weeks Marine asserted that Jack'd Up likely intends to argue that Frank's recorded statement fits within the hearsay exception of Federal Rule of Evidence 807, which provides that a hearsay statement is not excluded by the rule against hearsay if: "(1) the statement has

---

[21] Rec. Doc. 97-7.

[22] Rec. Doc. 97-9.

[23] Rec. Doc. 97 at 2.

[24] Rec. Doc. 97-10.

[25] Rec. Doc. 91-1 at 1.

[26] *Id.* at 2.

equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."[27]

Weeks Marine argues, firstly, the recorded statement has no guarantees of trustworthiness because it was conducted *ex parte* by an investigator of an interested party (Claimant Jeff Harrington), Frank was terminated by Weeks Marine for-cause, no court reporter was present, Frank was not under oath, and Weeks Marine had no opportunity to cross examine Frank.[28] Based upon the "totality of the circumstances" and the "heavy burden" of trustworthiness faced by Harrington and Jack's Up Charters in seeking to rely on Rule 807, Weeks Marine implores the Court to find the statement lacks sufficient indicia of trustworthiness to be admitted at trial.[29]

Second, Weeks Marine asserts Frank's recorded statement is not more probative on the point for which it is offered (that the dredge pipe tow was submerged and invisible) than other evidence that can be obtained through reasonable efforts.[30] Weeks Marine argues, at the very least, Frank's statement is not more probative than any other non-hearsay evidence, specifically, live trial testimony of other fact witnesses which will include a current Weeks Marine captain who witnessed the incident along with Jack Marino who was piloting the fishing boat.[31]

Third, Weeks Marine argues admitting the recorded statement will not serve the purposes

---

[27] *Id.*

[28] *Id.* at 3.

[29] *Id.* at 3–4.

[30] *Id.* at 4.

[31] *Id.*

of the Federal Rules of Evidence nor the Interests of Justice.[32] Given the lack of trustworthiness and probative value of Frank's statement, Weeks Marine submits that the recorded statements should be excluded.[33]

Lastly, Weeks Marine emphasizes that the recorded statement is not a "deposition" and cannot be submitted under Federal Rule of Civil Procedure 32.[34] Weeks Marine argues the statement was taken *ex parte* by an investigator for Harrington without a court reporter or attorney from any party present.[35]

**B.    *Jack'd Up's Arguments in Opposition to the Motion to Exclude Frank's Recorded Statement***

In opposition, Jack'd Up argues that Frank is unavailable by virtue of his demonstrated contempt for a federal subpoena for deposition testimony and the fact he does not reside within 100 miles of this Court and cannot be compelled to testify in this trial.[36]

Further, Jack'd Up Charters argues that Frank's recorded statement should be deemed sufficiently trustworthy because it is corroborated by all four persons who were on board Jack'd Up's fishing vessel.[37] Jack'd Up points out that Frank is no longer employed by Weeks Marine and was not employed by them at the time the statement was recorded, meaning Frank had no motive to protect his job or employer.[38] Jack'd Up further argues that Frank's recorded statement

---

[32] *Id.*

[33] *Id.*

[34] *Id.* at 5.

[35] *Id.*

[36] Rec. Doc. 97 at 4.

[37] *Id.*

[38] *Id.*

does not contradict his prior written statement, instead, the recorded statement simply provides additional, material information.[39] Jack'd Up asserts there is no evidence that Frank was terminated for cause.[40]

Jack'd Up additionally states Frank's recorded statement is the most probative evidence on the pipe because it is the only testimony that establishes that at least one member of the crew involved in the tow knew the pipes could not be seen by other vessels prior to the collision in question in this case.[41] Jack'd Up submits that Frank was the only person serving as lookout on the M/V KENNETH, and thus, was the only person focused solely on the tow and had the best position out of all other witnesses to observe the collision.[42]

Jack'd Up lastly argues that the interests of justice are served by admitting the recorded statement.[43] Jack'd Up asserts that all reasonable efforts have been made to obtain Frank's testimony and that there is no reason to think that Frank's sworn testimony would be any different than his recorded statement.[44]

## C.   *Weeks Marine's Reply in Support of the Exclusion of Frank's Recorded Statement*

In Reply, Weeks Marine maintains that Rule 807 presents a heavy burden and that the proponent of the statement must come forward with indicia of trustworthiness and probative force.[45] Weeks Marine further argues that Jack'd Up has not shown Frank's unavailability

---

[39] *Id.*

[40] *Id.*

[41] *Id.* at 5.

[42] *Id.* at 6.

[43] *Id.*

[44] *Id.*

[45] Rec. Doc. 101-1 at 1.

because Frank's home address is known and Frank was visited once by a representative of Claimant.[46] Weeks Marine asserts that the lack of effort to depose Frank and compel his presence at trial does not make him unavailable.[47]

Weeks Marine reiterates that Frank's recorded statement lacks guarantees of trustworthiness, specifically, a statement given by a terminated employee about his former employer cannot be "guaranteed" as trustworthy under Rule 807.[48]   Additionally, Weeks Marine alleges that Jack'd Up failed to show the recorded statement is more probative than any other evidence on the point for which it is offered.[49] They argue that a "plethora" of exhibits will be offered at trial on the same point and other crewmembers will offer testimony on the point as well.[50] Lastly, Weeks Marine maintains that Frank's statement is fundamental hearsay, and as such, the interests of justice will not be served if the statement were to be admitted.[51]

### III. Legal Standard

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[52] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme

---

[46] *Id.* at 2.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 3.

[52] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

Court" provide otherwise.[53] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[54]

The residual hearsay exception of Rule 807 of the Federal Rules of Evidence provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence ....

This exception is to be "used only rarely, in truly exceptional cases,"[55] and "[t]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force."[56] The determination of trustworthiness is to be drawn from the totality of the circumstances surrounding the statement.[57] Circumstantial guarantees of trustworthiness are the "lodestar" of the residual hearsay exception.[58] While the residual exception is rigorous, Rule 807 was created to provide courts with "the flexibility necessary to

---

[53] Fed. R. Evid. 802.

[54] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[55] *United States v. Phillips,* 219 F.3d 404, 419 n.23 (5th Cir. 2000).

[56] *Id.*

[57] *See United States  v. El-Mezain,* 664 F.3d 467, 498 (5th Cir. 2011).

[58] *United States v. Walker,* 410 F.3d 754, 758 (5th Cir. 2005).

9

address unanticipated situations and to facilitate the basic purposes of the Rules: ascertainment of the truth and fair adjudication of controversies."[59]

## IV. Analysis

As noted above, the residual hearsay exception embodied in Rule 807 is only to be used "rarely" and in "exceptional circumstances."[60] To be successfully invoked, the party seeking introduction of the statements must demonstrate "circumstantial guarantees of trustworthiness."[61] We find that Jack'd Up has failed to show that Frank's recorded statement possesses the necessary circumstantial guarantees of trustworthiness as required under Rule 807.

In *United States v. Perez*, the Fifth Circuit determined undocumented immigrants' statements lacked circumstantial guarantees of trustworthiness due, in part, to the fact the statements were made in an informal interview, were not subject to cross-examination, and not under oath.[62] While an interview of undocumented immigrants by INS agents is a decidedly different circumstance than those surrounding Frank's statement, many of the same features are present in Frank's recorded statement. The interview was relatively informal as it was conducted in Frank's home by an investigator, Frank was not under oath, and there was no opportunity for cross-examination by any party.[63] Further, the interview was conducted by an investigator hired by Harrington, not a neutral party.[64] Lastly, while the parties disagree on whether Frank was

---

[59] *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.,* 386 F.Supp 3d 760, 764 (E.D. Tex. 2019) (citing *Dartez v. Fibreboard Corp.,* 765 F.2d 456, 462 (5th Cir. 1985)).

[60] *Phillips,* 219 F.3d at 419 n.23.

[61] *United States v. Perez,* 217 F.3d 323, 330 (5th Cir. 2000).

[62] *Id.*

[63] *See* Rec. Doc 91-1 at 3.

[64] *Id.*

terminated "for cause,"[65] Jack'd Up admits that Weeks Marine's corporate representative, Brent Dupuis, stated that he "heard" Frank was terminated due to "an altercation with another employee …"[66] Regardless of the reason for Frank's termination, it is undisputed Frank no longer works for Weeks Marine. Whether Frank was terminated for cause or is no longer working for Weeks Marine for another reason, the debated circumstances of his termination cast added doubt on the trustworthiness of his recorded statement.

In addition to a lack of trustworthiness, Frank's recorded statement is not more probative than other non-hearsay evidence the Court anticipates will be offered at trial. This includes the live trial testimony of crew members aboard the M/V MASTER MYLES and M/V KENNETH M, the vessel Frank was aboard at the time of the collision, and the passengers aboard Jack'd Up's fishing vessel. Jack'd Up admits that Frank's statement will "mirror the testimony" of other witnesses involved in the case who will be called in trial.[67] Thus, given the lack of circumstantial guarantees of trustworthiness and the fact live trial testimony will address the visibility of the pipe, the general purposes of the Federal Rules of Evidence and the interest of justice would not be served by admitting Frank's recorded statement.

---

[65] *See* Rec. Doc. 97 at 4 (Jack'd Up arguing that all Weeks Marine's corporate representative could say was Frank's termination involved an altercation with a co-worker); Rec. Doc. 91-1 at 3 (Weeks Marine stating that Frank was terminated for cause before giving the recorded statement).

[66] *See* Rec. Doc.  97 at 4; Rec. Doc. 91-11 at 62.

[67] Rec. Doc 97 at 5.

Accordingly,

**IT IS HEREBY ORDERED** that Weeks Marine's Motion *In Limine* to Exclude the Statement of Larry Frank[68] is **GRANTED.** Larry Frank's recorded statement and any references thereto are excluded.

**NEW ORLEANS, LOUISIANA,** this ___1st___ day of July, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[68] Rec. Doc. 91.